### SLICK OIL CO. v. COFFEY et al.

No. 8880—Opinion Filed Dec. 3, 1918.

Rehearing Denied Jan. 28, 1919.

(177 Pac. 915.)

(Syllabus.)

**1. Master and Servant — Master's Negligence—Evidence—Violation of Statute.**

In an action for a breach of a common-law duty owing by a master to his servant, evidence of acts amounting to negligence may be shown, though such acts may also show a violation of a statute enacted for the benefit of the public generally, and not for the class of persons to which the servant belonged.

**2. Same—Instruction.**

It is not error to instruct the jury that, if they find such statute has been violated, and that the facts constituting such violation amount to negligence upon the part of the master, and that such negligence was the proximate cause of the servant's injury, they should return a verdict for plaintiff.

**3. Master and Servant—Duty Toward Employes of Contractor—Control by Master.**

Where an employer reserves the right to direct the manner in which the work shall be performed in any particular, or when he undertakes to provide any of the instrumentalities used in the prosecution of the work, he owes to the employes of the contractor the duty of ordinary care in directing such matters over which he has retained control or undertakes to perform.

**4. Trial — Instructions — Sufficiency.**

Where instructions given, when taken together and considered as a whole, fairly present the law of the case, they will be held sufficient.

**5. Same—Failure to Request—Reversal.**

Where the instructions given are correct so far as they go, and a party desires an instruction upon some element of a defense covered by an instruction, he should present an instruction embodying the element which he desires given, and request that the jury be so instructed and, unless this be done, instructions given will not work a reversal of the case.

**6. Appeal and Error — Harmless Error — Instructions.**

Instructions examined, and held to contain no prejudicial error.

**7. Death — Excessive Damages — Death of Servant.**

Evidence examined, and held, that the verdict for $30,000 is excessive upon the facts proven, and that the judgment should be reversed and a new trial granted unless a remittitur is filed for all in excess of $20,000, and interest thereon from date of judgment.

Kane and Miley, JJ., dissenting.

Error from District Court, Oklahoma County; W. C. Crow, Assigned Judge.

Suit by Mrs. Pearl Coffey against the Slick Oil Company and J. K Gano. Judgment for plaintiff against the Oil Company, motion for new trial overruled, and it brings error. Modified and affirmed on condition of a remittitur, and otherwise reversed, and a new trial granted.

Edw. H. Chandler, W. A. Sipe, J. P. O'Meara, Thomas D. Lyons, Ben F. Rice, J. H. Everest, R. M Campbell, and Farrar L. McCain, for plaintiff in error.

Denton, Kennedy & Hays, Harris, Nowlin & Howell, and M. S. Singleton, for defendants in error.

HARDY, J. Pearl Coffey sued the Slick Oil Company and J. K. Gano for damages for the death of her husband, W. C. Coffey. Judgment was for plaintiff against the Slick Oil Company, and, motion for new trial being overruled, that defendant prosecutes error.

Coffey was a tool sharpener, and was employed in and about the drilling and construction of a certain oil well, and, while so engaged, came to his death by reason of an explosion of gas escaping from the well. It was alleged that defendants negligently and carelessly permitted large volumes of natural gas to escape from the well and from the earth surrounding, contrary to the laws of the state of Oklahoma, to such an extent that the atmosphere surrounding said well and in the vicinity thereof became filled, impregnated, and saturated with natural gas to such an extent as to become dangerous to the life and safety of deceased, and that defendants failed to use proper care and caution to prevent the existence of such condition, and that by reason of such negligence an explosion occurred, resulting in his death.

The evidence of plaintiff shows that three separate flows of gas were encountered at different depths, and that the third, which amounted to as much as 5,000,000 cubic feet per 24 hours, was encountered about 12 hours before the explosion.

The court instructed the jury, in paragraph 3, that the defense that Gano was an independent contractor so as to relieve the Slick Oil Company of responsibility for failure to use reasonable care to furnish deceased with a safe place to work was not available, if the place furnished deceased

to work was rendered unsafe and dangerous because of a violation of the statutes of this state in allowing gas to flow without restraint for a period of more than 3 days in quantities exceeding 2 000.000 cubic feet per 24 hours, and if they found that such law was violated, and that such violation amounted to negligence which rendered the place in which Coffey was required to work unsafe, and that such negligence was the proximate cause of his death, then they should find for the plaintiff as to either or both of said defendants guilty of such negligence. This instruction is said to be highly prejudicial to defendant because there is no statute which prohibits the escape of gas from oil wells being drilled in quantities exceeding 2.000,000 cubic feet for a period exceeding 3 days and even if there be such a statute it was enacted for the purpose of conserving the natural resources of the state, and was not enacted for the benefit of that class of persons to which deceased belonged, and therefore did not furnish the basis for a cause of action based upon a violation thereof.

If we assume that defendant's contention as to the purpose and meaning of the statute is correct, still it does not follow that the judgment should be reversed for the giving of this instruction. Plaintiff's cause of action was not based upon a violation of the statute, but was predicated upon a breach of the common-law duty of defendants to furnish deceased a reasonably safe place in which to perform his work, and the case was tried throughout on this theory. Plaintiff did not claim that a violation of the statute gave her a right of action, or that compliance with the statute was the measure of care owing by defendants to deceased. The real question presented upon this phase of the case is whether it was proper for the court to submit for consideration by the jury facts and circumstances which amounted to a violation of the statute and leave it to them to say whether negligence had been proven. Plaintiff's right to recover depended upon her showing a duty owing by defendants to deceased and a negligent failure to perform that duty, resulting in the death of deceased, and in determining whether defendants had exercised that degree of care, prudence, and diligence required of them it was proper to submit all the facts and circumstances surrounding the explosion, even though by so doing a violation of the statute was made to appear; for any other rule would require a verdict upon less than all of the facts. The passage of the statute did not affect the common-law duty owing by the master to his servant, nor change the liability arising from a negligent breach thereof resulting in injury. The instruction did not tell the jury whether a violation of the statute constituted negligence, but submitted that issue to them. The error, if any, in the instruction is the reference therein to the statute, and for this reference to warrant a reversal it must appear that the jury were misled thereby to the prejudice of defendants. This could not have happened, unless the instuction contained some improper direction or unless the court invaded the province of the jury in some particular. They were to decide whether negligence was proven. The instruction left it to them to determine what facts had been established and what effect these facts should have on the issue submitted. This court, in accordance with the great weight of authority, has announced the rule that the violation of a public duty enjoined by law for the protection of persons or property constitutes negligence per se (C., R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146), and in the case of C., R. I. & P. Ry. Co. v. Martin, 42 Okla. 353, 141 Pac. 276, held that in an action for personal injuries alleged to have been sustained on account of the negligent operation of a passenger train, proof of a violation of an ordinance limiting the rate of speed at which passenger trains should be propelled through the city of Chickasha was admissible, although the action was not based upon a violation of the ordinance, and quoted with approval from 6 Thompson on Negligence, par. 7868, as follows:

"Where the evidence tends to show that a particular action was prohibited by ordinance, and that such violation contributed to the injury, then the ordinance is properly admitted on the question of negligence, though not pleaded, but the rule is otherwise where the action is founded upon a violation of the ordinance, and hence it is necessary to plead the ordinance."

This case presents a situation analogous to that involved in the Martin Case and in other cases where a statute or ordinance is passed for the protection of property and where a violation thereof results in injury to a person. In such cases the action by the injured party is not based upon the statute or ordinance, but nevertheless proof of a violation thereof is permitted as evidence tending to establish negligence. The statute in question. conceding the contention that it was not passed for the benefit of that class of persons to which deceased belonged and was passed for the benefit of the public generally. has as one of its objects the protection of property. and by analogy it may be said that, in an action for injuries caused

by a violation thereof, proof of such viola-tion would be evidence of negligence. A common illustration of the application of this rule is in cases where railroads are required by statute to fence their right of way, or where the speed of trains is limited by ordinance. In case of a statute requiring the right of way to be fenced, though the statute is held to be for the protection of animals, and gives to the owner thereof cause of action for the breach of duty, yet it is held, in an action for injuries to persons arising from the same default, that while the failure to fence is not conclusive of lia-bility as in case of animals, still an action will lie for the personal injury, and this breach of duty will be evidence of negli-gence. Hayes v. Michigan Central Ry. Co., 111 U. S. 228, 4 Sup. Ct. 369, 28 L. Ed. 410; Union Pacific Ry. Co. v. McDonald, 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434.

Though the instruction complained of be erroneous, this case should not be reversed; for under the undisputed facts a clear case of liability was established. The Slick Oil Company employed Gano to drill a well, and by express agreement bound itself to look after the matter of escaping gas. Upon this point there was no conflict in the evidence. The officers of the Slick Oil Company admit-ted on the witness stand their duty to look after escaping gas, and admitted they had failed to do so. It was also shown that this condition could have been corrected and the premises made reasonably safe by the use of proper methods which were commonly used for that purpose. No issue is made as to the death of deceased resulting from the explosion. The evidence of plaintiff tended to show that as much as 10,000,000 cubic feet per 24 hours was escaping, and the ver-dict of the jury found that to permit 2,000,-000 cubic feet per 24 hours to escape for more than 3 days was negligence, and they would have certainly found the escape of a larger amount to be negligence. It there-fore clearly appears that, had no reference been made to the statute, the verdict of the jury upon the question of negligence would not likely have been different. The prej-udice, if any, in this instruction consists in the fact that the court withheld from con-sideration by the jury the third flow of gas, amounting to 5,000,000 cubic feet, and this was error against the plaintiff.

There being no dispute that the Slick Oil Company had absolute control of all of that part of the undertaking which related to the handling of escaping gas and the stop-ping or restricting the flow thereof, and be-ing bound by its original duty and by ex-press agreement with Gano to handle this

dangerous element of the undertaking its duty to Coffey in that particular was pre-cisely the same as though it had originally undertaken the work of drilling the well without the intervention of any other per-son, and the instruction was not erroneous, in that it withdrew from the jury the ques-tion as to whether the well was being drilled by an independent contractor. When an employer reserves the right to direct the manner in which the work shall be per-formed in any particular, or when he under-takes to provide any of the instrumentalities used in the prosecution thereof, he owes to the contractor and his employes the duty of ordinary care in directing such matters over which he retains control, or undertakes to perform. Roddy v. Mo. Pac. Ry., 104 Mo. 234, 15 S. W. 1112, 12 L. R. A. 746, 24 Am. St. Rep 333; Augusta & K. R. Co. v. Kil-lian, 79 Ga. 234, 4 S. E. 165; Stewart v. Harvard College, 12 Allen (Mass.) 58; Lake Superior Iron Co. v. Erickson, Adm'r, 39 Mich. 492, 33 Am. Rep. 423; Coughtry v. Globe Woolen Co., 56 N. Y. 124, 15 Am. Rep. 387; Coughlin v. The Rheola and another (C. C.) 19 Fed. 926; Whittaker's Smith on Negligence, § § 173, 174. From the undis-puted facts the court would have been justi-field in instructing the jury that, so far as the duty to look after the escaping gas was concerned, no such relation existed. Okla-homa City Const. Co. v. Peppard, 43 Okla. 121, 140 Pac. 1084.

In paragraph No. 4 of the charge submit-ting the question as to whether defendant Gano was an independent contractor the court made no reference to the defense of contributory negligence, or of assumption of risk, and, because of this omission, it is urged that the instruction is erroneous in that it excluded these defenses from consid-eration by the jury and permitted a recov-ery against the Slick Oil Company, even though it had made a contract with Gano to look after the matter of escaping gas. If by this last objection to the instruction it is meant that the court excluded from the jury the consideration of the question whether Gano was bound by the contract to look after the escaping gas, then there was no error; for there is no evidence in the rec-ord to which our attention has been called raising such an issue. As we understand counsel, the point intended to be urged is that Gano was an independent contractor, even though the Slick Oil Company had un-dertaken by contract with him to look after the matter of escaping gas. This proposition has been sufficiently considered. Upon the other point it appears that in other parts of the charge the court undertook to submit these defenses, and if the instructions given

were correct, that was sufficient. It is not necessary that each and, every paragraph of the instructions embody all the law of the case, but it will be sufficient if, when the instructions are taken together and considered as a whole, they fairly present the law of the case. Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 Pac. 1111; Chickasaw Comp. Co. v. Bow, 47 Okla. 576, 149 Pac. 1166. In paragraph No. 3 the jury were told, in substance, that plaintiff could not recover if deceased was guilty of contributory negligence as explained in the instructions, or that it was due to risks assumed by him. In paragraph No. 2 the defense of assumption of risk was submitted. No. 6-B correctly defined contributory negligence, and in No. 6 the court again instructed the jury that plaintiff could not recover if deceased was guilty of contributory negligence as defined in other instructions, or had assumed the risks incident to his employment as elsewhere stated in the charge. No further or additional instructions were requested by plaintiff in error on either of these defenses, and it is not contended that they were not correct as far as they went; the error being, as it is claimed, that the instructions given fail to direct the jury that deceased, in addition to assuming such risks as were ordinarily incident to his employment, also assumed extraordinary risks in case the same were obvious or were known to and appreciated' by him, and gave the jury no specific direction in the event they found deceased had been guilty of contributory negligence. If plaintiffs in error desired to have any particular element of the defense of assumption of risk submitted to the jury which had been overlooked by the court, it was their duty to call this omission to the attention of the court so that an opportunity might have been given to correct the error, and to this end they should have presented an instruction embodying the principle which they desired given and request that the jury be so instructed, and not having done this, and the instruction complained of being correct as far as it goes, and being erroneous only by reason of its failure to embrace some element of the defense submitted, the alleged error will not work a reversal of the cause. Ferris et al. v. Shandy, 71 Okla. 35, 174 Pac. 1060, and cases cited: Seay et al. v. Plunkett, 44 Okla. 794, 145 Pac. 496; Great Western Coal & Coke v. Malone, 39 Okla. 693, 136 Pac. 403.

The court instructed the jury that the burden of proof was upon the plaintiff to establish her case by a preponderance of the evidence, and that, before plaintiff could recover, she must first establish negligence against the defendants and establish the further fact that such negligence was the proximate cause of the death of the deceased, and in the event she failed to sustain this burden of proof, she could not recover and, after giving a correct definition of contributory negligence, instructed the jury in two separate paragraphs that plaintiff could not recover if deceased was guilty of contributory negligence. While the court did not say in specific words that, if deceased had been guilty of contributory negligence, the jury should return a verdict for the defendants, it did say that in such event the plaintiff could not recover, and we are unable to see how the jury could have misunderstood their duty in the premises or have been misled by the failure of the court to give such specific direction.

Instruction No. 6 submitted the theory of plaintiff that deceased was in the employment of both defendants, and even if the contention of plaintiff in error be correct that this paragraph was contradictory to other instructions given, no prejudice is shown. Under the undisputed facts, plaintiff in error owed to deceased the duty to furnish him a reasonably safe place in which to work, and there is evidence reasonably tending to show negligence in this respect, and, the verdict of the jury being against Slick Oil Company, no prejudice resulted.

The verdict was for $30 000. The measure of damages which plaintiff was entitled to recover was for the pecuniary loss sustained by her and the three surviving children of deceased, aged, respectively 9, 7, and 4 years. The deceased was 35 years of age, and, according to the American Mortality Tables, had an expectancy of 32½ years. The occupation in which he was engaged was a hazardous one, and the mortality tables were not based upon such hazardous occupations. It is a matter of common knowledge that steady employment at the trade or occupation in which he was engaged is uncertain. The past history of the oil industry shows that, when oil has been found in a locality, extensive operations are immediately prosecuted, furnishing employment to persons skilled in that kind of work; that, when such work is completed, such persons are without employment of the character in which deceased was engaged until oil is found in other localities, during which time employment must be found at some other occupation. Deceased's past history was not different. He had moved to Kentucky, to Illinois, and to Oklahoma, no doubt for the purpose of securing employment in his line of work, and at times, when

out of employment as a tool dresser, engaged in other occupaions. At one time he was engaged as a fireman on a railroad. A part of deceased's earnings would necessarily have been expended for his own maintenance, including food, clothing, and such amounts as are usually spent by men of his age and occupation for their personal comfort and convenience. The measure of damages being compensatory only, we believe the verdict is excessive. Authorities may be cited pro and con sustaining a verdict for $30,000 and holding such amount to be excessive, but each of the cases turns upon the particular facts involved, and a comparison with the facts here can serve no useful purpose. Where is clearly appears that the jury has committed some palpable error or acted upon some improper bias, influence, or prejudice, or have clearly mistaken the rules of law by which damages are to be regulated, the verdict may be set aside. St. L. & S. F. Ry. Co. v. Hodge, 53 Okla. 427, 157 Pac. 60. And where a verdict is excessive for any of the reasons stated, the Supreme Court may direct a reversal of the cause or give the plaintiff the option to remit the amount held to be excessive and allow the judgment as modified to stand. St. L. & S. F. Ry. Co. v. Hart, 45 Okla. 659, 146 Pac. 436; Missouri, O. & G. Ry. Co. v. Parker, 50 Okla. 491, 151 Pac. 325; St. L. & S. F. Ry. Co. v. Hodge, supra.

Being of the opinion that the jury has erred in some one of the particulars named, and that the verdict is clearly in excess of any sum that could be based upon the idea of compensation, but being equally convinced that a case of liability is clearly shown, it is therefore ordered that, if plaintiff will file a remittitur for all in excess of the sum of $20,000, and interest thereon from the date of the verdict, within 30 days from receipt of the mandate herein by the trial court, the judgment as thus modified will be affirmed; otherwise the judgment will be reversed, and a new trial granted.

SHARP, C. J., and TURNER, OWEN, BRETT, and TISINGER, JJ., concur.

RAINEY, J., concurs in conclusion.

KANE and MILEY, JJ., dissent.