## CHICAGO, R. I. & P. R. CO v. FONTRON LOAN & TRUST CO., Adm'r.

No. 13089—Opinion Filed March 27, 1923.

(Syllabus.)

1. **Death—Negligent Death—Right of Action in Widow and Child.**

The general rule is a widow and child are not prevented from maintaining an action for damages for the death of the husband or father caused by negligence by reason of the fact they are living separate and apart from him.

2. **Master and Servant—Action for Death of Railroad Employe—Elements of Recovery—Employers' Liability Act.**

The recovery in an action brought by the personal representative of a deceased railway employe under the Employers' Liability Act of April 22, 1908 (35 Stat. at L. 65; chapter 149, Comp. Stat. 1913, sec. 8657), as amended by the act of April 5, 1910 (36 Stat. at L. 291; chapter 143 Comp. Stat. 1913, section 8665), may include both damages for the decedent's conscious pain and suffering during the period intervening between fatal injuries and death, and damages for the pecuniary loss sustained by the relative or next of kin for whose benefit the action is brought, in view of the provision of the amendatory act that any right of action given by the original act to a person suffering injury shall survive to the personal representative for the benefit of the same beneficiaries in whose behalf the right of action for death is given, although the amendment concludes with the clause, "But in such cases there shall be only one recovery for the same injury."

3. **Same—Verdict—Sufficiency.**

In an action under the Federal Employers' Liability Act for damages for the wrongful death, and for conscious pain and suffering that occurred between the time of the accident and the death of the deceased, where the evidence is sufficient to support separate verdicts, the judgment will not be reversed, although the verdict is for a lump sum, and especially where no request was made that the jury return separate verdicts.

4. **Trial — Instructions — Requests — Refusal.**

In order to entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct, and such that the court might give to the jury without modification or omission. If the instruction as requested be objectionable in any respect, its refusal is not error.

5. Death—Excessive Damages — Death of Servant.

Evidence examined, and held, that the verdict for $30,000 is excessive upon the facts proven, and that the judgment should be reversed and a new trial granted unless a remittitur is filed for all in excess of $15,000 and interest thereon from date of judgment.

Error from District Court, Marshall County; Geo. S. March, Judge.

Action by the Fontron Loan & Trust Company, administrator with will annexed of estate of James E. Gardner, deceased, against the Chicago, Rock Island & Pacific Railway Company for damages for negligent death. Judgment for plaintiff, and defendant brings error. Affirmed on condition of remittitur.

W. R. Bleakmore, C. O. Blake, Minter & McClendon, and K. W. Shartel, for plaintiff in error.

Ledbetter, Stuart & Bell and A. G. Morrison, for defendant in error.

McNEILL, J. This action was brought by the Fontron Loan & Trust Company, administrator with the will annexed of the estate of James E. Gardner, deceased, against the Chicago, Rock Island & Pacific Railway Company, to recover damages for the benefit of Bertha Gardner, the widow, and Hazel Gardner, minor child of James E. Gardner, who on the 3rd day of April, 1920, was injured while in the employe of the defendant company and died eight days thereafter. The suit was brought under the Federal Employers' Liability Act of 1908, which provides for the recovery of damages on behalf of the wife and child by reason of being deprived of the support of the husband, and father, and also on account of the conscious pain and suffering of the deceased as provided for under the amendment of April 5, 1910, which amendment reads as follows:

"That any right of action given by this act to a person suffering injury, shall survive to his or her personal representative, for the benefit of the surviving widow or husband, and children of such employe, and if none, then such employe's parents, but in such cases there shall be only one recovery for the same injury." 35 Stat. 291.

The answer was a general denial, and a plea of contributory negligence. The jury retured a verdict in favor of the plaintiff and against the defendant for the sum of $30,000, and apportioned the same, $20,000 to the use and benefit of Hazel Gardner, the daughter, and $10,000 for the use and benefit of the widow, Bertha Lee Gardner. Judgment was rendered upon said verdict, and from said judgment the defendant company has appealed.

For reversal, it is contended, first, that the verdict is not sustained by sufficient evidence. The plaintiff in error under its specification of error does not present for review the question that the evidence is insufficient to support the finding that the company was guilty of negligence, but presents the same on the theory that the deceased was not living with his wife and daughter, and there is no evidence that he ever contributed anything to their support for the last few years, except the testimony of the wife, who stated he had contributed between $50 and $75 a month. Even if we accept plaintiff in error's contention regarding the facts, still its position is unsound. See Ingersoll v. Detroit M. R. Co. (Mich.) 128 N. W. 227, and 6 Thompson's Commentaries on the Law of Negligence, sec. 7054, where it is stated:

"The widow is not prevented from maintaining an action for the death of her husband, by negligence, by the fact that she is living in separation from him, unless she has forfeited the right to support from him by leading an abandoned life. Nor will a child be prevented from recovering for the death of his father by the fact that the father had lived away from him for many years, and had not contributed anything to the support of his wife or child."

It is next contended that the verdict is contrary to the law, for the reason there were two separate and distinct causes of action, one for the pecuniary loss suffered by the beneficiary, second, damages for conscious pain and suffering of the deceased, and the verdict was a lump sum. In the case of St. Louis, Iron Mountain & S. Ry. Co. v. Craft, 237 U. S. 660, 59 L. Ed. 1169, in construing the Federal Employers' Liability Act, Justice Van Devanter stated as follows:

"Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person, and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries, and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong, but a single recovery for a double wrong."

The Supreme Court of United States, in the case of Kansas City Southern Ry. Co.

v. Leslie, Adm'r, 238 U. S. 598, 59 L. Ed. 1478, held a judgment which includes both claims will not be reversed where the verdict is in harmony with local practice, and has been approved by the courts below. In the instant case, there is evidence sufficient to support a verdict upon each claim. The plaintiff in error in support of its contention cites the case of St. Louis & S. F. R. Co. v. Farmers' Union Gin Co., 34 Okla. 270, 125 Pac. 894. The above case is not subject to the construction placed upon it by plaintiff in error, and this is made clear by this court in the case of Rogers v. Benford, 83 Okla. 270, 201 Pac. 646.

It is next contended that the court erred in giving instruction No. 4 and in refusing to give requested instruction No. 4 offered by defendant. Instruction No. 4 related to measure of damages for the death, and advised the jury that the measure of damages should be such as would be a reasonable and fair compensation for the pecuniary loss, if any, the wife and child have sustained on account of the death of said James E. Gardner. This is the correct statement of the law as announced in the case of Louisville & Nashville R. Co. v. Holland, 246 U. S. 525.

Instruction No. 4 requested was as follows:

"That in arriving at the amount, if any, which the plaintiff is entitled to recover for the benefit of the widow and child of the deceased, James E. Gardner, upon the second cause of action set forth in the petition, you should take into consideration only the sums of money which you find from the evidence the said deceased would reasonably have been expected to expend upon and give to them from time to time during the natural period of his life had he not been killed; and the aggregate of such sums should be discounted so as to make your verdict the equivalent of their present value."

The first portion of the instruction was not correct, it attempted to place too narrow a construction upon what may be considered in arriving at what is a fair compensation for the pecuniary loss. See Michigan C. R. Co. v. Vreeland, 227 U. S. 59; Norfolk & Western Ry. Co. v. Holbrook, 235 U. S. 627. The last portion of the instruction appears to be more nearly correct under the principle announced in the cases of Chesapeake & Ohio Ry. Co. v. Kelly, 241 U. S. 485; New Orleans & N. E. Ry. Co. v. Harris, 247 U. S. 367; Louisville & Nashville Ry Co. v. Holland, supra. This court, however, will not reverse a cause for refusal to give a requested instruction,

unless the instruction is a correct statement of the law, and may be given without modification or omission. M., O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 Pac. 142; M., K. & T. Ry. Co. v. West, 38 Okla. 581, 134 Pac. 655; San Bois Coal Co. v. Resetz, 43 Okla. 384, 143 Pac. 46. See, also, Louisville & Nashville Ry. Co. v. Holland, supra. The instruction requested being erroneous, it was not error to refuse the same.

It is next contended that the verdict is excessive. We believe this contention is well taken. In this respect the court is not unmindful of the fact that the action is an action for pain and suffering for a period of eight days coupled with the pecuniary loss of the death of deceased, nor are we unmindful of the fact that many verdicts of this size have been upheld. This court in the case of Slick Oil Co. v. Coffey, 72 Oklahoma, 177 Pac. 915, stated as follows:

"But each of the cases turns upon the particular facts involved, and a comparison with the facts here can serve no useful purpose."

In considering whether the verdict is excessive, it is necessary to take into consideration the history of the family for the last four or five years as disclosed by the record and their relation to each other, the places where the deceased worked, and the attention paid by him to his wife and daughter. It is also necessary to take into consideration the fact that the wife lived in St. Louis, and the circumstances and conditions under which she lived. It can serve no useful purpose to dwell upon these facts or discuss the same in detail. This court in the case of Slick Oil Co. v. Coffey, supra, and the case of City of Sapulpa v. Deason, 81 Okla. 51, 196 Pac. 544, stated:

"Where it clearly appears that the jury has committed some palpable error or acted upon some improper bias, influence, or prejudice, or has clearly mistaken the rules of law by which damages are to be regulated, the verdict can be set aside. * * * And where a verdict is excessive for any of the reasons cited, the Supreme Court may direct a reversal of the cause or give the plaintiff the option to remit the amount held to be excessive and allow the judgment as modified to stand."

It being the opinion of the court that the jury erred in some of the particulars named, and the verdict is clearly in excess of any sum that could be based upon the idea of compensation and for conscious pain and suffering, but being equally convinced

that a case of liability is clearly shown, it is therefore ordered that, if the plaintiff will file a remittitur for all in excess of the sum of $15,000 and interest thereon from the date of the verdict, within 30 days of the receipt of the mandate herein by the trial court, the amount to be apportioned in the same ratio as the jury apportioned the verdict, to wit: $10,000 for the use and benefit of Hazel Gardner, and $5,000 for the use and benefit of the widow, Bertha Lee Gardner, the judgment as thus modified will be affirmed; otherwise, the judgment will be reversed and remanded and a new trial granted.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.