## SAPULPA ELECTRIC INTERURBAN RY. CO. v. BROOME.

No. 11821—Opinion Filed Sept. 18, 1923.

Rehearing Denied Oct. 30, 1923.

**1. Appeal and Error—Verdict—Sufficiency of Evidence.**

Where a cause has been tried to a jury, and there is a state of facts reasonably deducible from the evidence which under any theory of law applicable to the issues and facts will authorize the judgment, it will not be disturbed.

**2. Damages—Personal Injuries—Excessive Verdict.**

Evidence examined, and held, that under the evidence the amount of the verdict is sustained by the evidence and will not be disturbed upon appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Donis Broome, a minor, by her next friend, her father, Claude Broome, against the Sapulpa Electric Interurban Railway Company, a Corporation. Judgment for the plaintiff, and defendant brings error. Affirmed.

Biddison & Campbell and J. H. Grant, for plaintiff in error.

Thompson & Smith, for defendant in error.

Opinion by RUTH, C. This was an action brought by Donis Broome, by her father and next friend, Claude Broome, against the Sapulpa Electric Interurban Railway Company, a corporation, and J. M. Cooper, defendants, to recover for personal injuries received while the plaintiff was a passenger upon one of the cars of the defendant company, and for convenience parties hereto will be designated in this opinion as they appeared in the court below.

A summarization of the petition of the plaintiff discloses plaintiff was a female, and at the time of the alleged injuries she was about 15 years of age; that she boarded one of the cars of the defendant company and paid the regular fare, and was accepted as a passenger upon the car of the defendant company, and proceeded to the end of the line, and that through the negligence of the motorman, J. M. Cooper, the car was precipitated over the end of the line and onto the ground, causing the plaintiff to be thrown from her seat in said car, and that after being thrown, another passenger of considerable avoirdupois, perhaps weighing 200 pounds, was thrown upon the plaintiff, causing serious injuries to plaintiff, to wit: that her left ankle and leg were sprained and bruised, and that her left side was bruised and seriously injured, and that her uterus was misplaced, which necessitated an operation for ventral fixation of the uterus, and that she suffered physical and mental pain and anguish, and therefore brings this action.

To the petition of the plaintiff, the defendant filed its general denial, and the issues thereupon being joined, the cause was duly tried to a jury. Upon judgment being rendered for the plaintiff, the defendant brings this cause to this court for review, alleging as grounds for review that the court erred in transmitting the case to the jury upon the evidence, for the reason there was

no competent evidence to show that most of the injuries complained of were caused by the street car accident, and there is no way to tell what importance the jury gave to the immaterial, irrelevant, and incompetent testimony. Third, that the verdict and judgment are excessive for the reason that the amount given is entirely out of proportion to the injuries shown to have occurred by reason of the street car accident, and the amount is so excessive as to indicate that the jury was actuated by passion or prejudice or took into consideration evidence of injuries not shown to have been caused by the accident.

Plaintiff in error has filed its brief consisting of 31 pages, 11 of which are devoted to a resume of the evidence, and if we consider the case alone upon this brief, we would be constrained to hold there was no error upon the court below, and that the verdict was not excessive. When taken, however, in connection with the brief of the defendant in error, plaintiff below, our opinion is more firmly confirmed that the judgment of the court below should be affirmed. Considering the brief of the defendant in error, we find the counsel for the defendant corporation used the following language:

"The defendant in this case is liable. We regret as much as anyone that the accident happened. The fact that an employe got careless leaves us here to pay the damages and for you to assess the damage. The plaintiff being a minor, the matter cannot be settled in any other way than by the verdict of a jury."

The facts, as presented to the jury, disclose that the plaintiff boarded the car and after paying her fare was seated talking to another passenger, who was an acquaintance, and through the carelessness of the motorman, the car was precipitated across the end of the railway line, and the plaintiff was thrown violently into the aisle, and another passenger weighing approximately 200 pounds was thrown upon her. Plaintiff was taken home and physician was summoned who made an examination and found "her ankle was badly bruised and sprained, and she had some internal injuries; she was tender all through the abdomen and was badly bruised all over, but could not tell about the abdomen just exactly where the injury was because it was so tender." This physician further testified that "she had intensive nervous spells," and he did not make a vaginal examination in June; that he had been acquainted with the plaintiff for a long time, and that she had never showed any of these symptoms prior to this examination in June or September; that in September he made

a vaginal examination, along about the 4th of September, and that he found the "uterus very badly pitched and torn loose; the ligaments that hold it up in place were torn loose and I advised an operation." It further appears from the testimony that an operation was performed in the Tulsa hospital by a Dr. Houser. In the testimony of Dr. Houser, he found the plaintiff suffering from a "retroverted uterus" and the physician explains that in common parlance this means a backward displacement of the womb, and that it was necessary to perform an abdominal operation, which necessitated a reconstruction of those ligaments, and the doctor did not "think" there was any permanent injury to the functions of the organ and that when she was discharged from his care, he "thought" she was in normal condition.

In answer to questions propounded by counsel for the defendant railway company, the physician responded:

"There was a sign of recent injury and blood clots to show that it had been of recent origin, because of the blood clots found in the abdomen at the time of the operation. However, these blood clots were not in the peritoneal cavity, but in the folds of the broad ligament. Q. Were the blood clots extensive? A. Not very extensive. Sometimes they become sufficiently extensive that they fill the whole lower abdomen, but in one side there was a blood clot the size of a pigeon's egg, and on the other side, one perhaps half that size."

Upon this evidence, the cause was rested by the plaintiff and the defendant introduced no evidence, and the cause was submitted to the jury, who found for the plaintiff in the sum of $5,000.

It has been frequently held by this court that the jury is judge of the facts and where there is evidence reasonably tending to sustain the verdict of the jury, such verdict will not be disturbed upon appeal. Tulsa Entertainment Co. v. Greenlees, 85 Okla. 113, 205 Pac. 179.

We are impressed with the fairness and frankness of the counsel for defendant in this case, but this court is not prepared to say that had the injury been alone to the ankle, that a verdict of $5,000 would not have been excessive, but the admitted evidence in this case shows that there was a severe injury between the hip and lower ribs, resulting in the formation of large blood clots in the abdomen and a displacement of the womb and this injury to a female just entering into womanhood may be of a serious and lasting nature, although we are not permitted to indulge in

speculation as to the permanency of the same.

The physicians testifying in the case stated that they "think" the injured party was in normal condition and did not "think" that the injury would be of a serious and lasting nature, but as the jury heard all the evidence and rendered its verdict thereon, and the amount of the verdict not being so excessive as to raise any presumption of passion or prejudice, such verdict will not be disturbed on appeal.

In Boling v. Ashbridge, 84 Okla. 280, 203 Pac. 894, it is held:

"When the proofs of damage are submitted to a jury under proper instructions, in a suit for personal injuries, and the verdict not being so excessive as to raise the presumption that the jury was actuated in rendering such verdict by passion or prejudice, and there being no specific proofs, otherwise, showing that the jury was so actuated, and the trial judge fails to act and enters judgment on the verdict, held, that the Supreme Court will not interfere with the verdict of the jury by ordering a remittitur."

In view of the holding of this court and an examination of the record, it is held that the evidence reasonably supports the verdict of the jury and that the judgment should be affirmed.

By the Court: It is so ordered.