## MARLAND REFINING CO. v. McCLUNG.

No. 14639—Opinion Filed May 13, 1924.

(Syllabus.)

1. **Appeal and Error — Harmless Error — Evidence.**

This court will not reverse a case for improper admission of testimony, unless from an examination of the entire record it appears the errors complained of have probably resulted in a miscarriage of justice, or for a violation of a constitutional or statutory right. Section 2822, Comp. Stat. 1921.

2. **Evidence—Physician's Opinion as to Effect of Injury.**

It is not error to permit a doctor, who examined plaintiff in an action for personal injury in which the plaintiff suffered a basal fracture of the skull, to state that in his opinion the same would interfere with the plaintiff in doing manual labor.

3. **Master and Servant—Workmen's Compensation Law— Election of Remedy.**

In the absence of any statutory provisions or rule of the State Industrial Commission, defining what shall constitute an election as provided for in section 7302, Comp. Stat. 1921, any decisive act of a party, with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other, determines his election.

4. **Trial—Instructions—Refusal of Requests Covered in Charge.**

It is not error to refuse to give a requested instruction that correctly states the law, if substantially the same instruction is embodied in the charge of the court to the jury, and the charge as a whole correctly states the law applicable to the facts in the case.

5. **Verdict Sustained.**

Record examined, and held, that under the evidence, the amount of the verdict is sustained by the evidence and will not be disturbed upon appeal.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by Guy L. McClung against the Marland Refining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Keaton, Wells & Johnston and Stevens & Cline, for plaintiff in error.

Everest, Vaught & Brewer, Parmenter & Parmenter, and Johnson & Bailey, for defendant in error.

McNEILL, J. This is an appeal from a judgment rendered in the district court of Comanche county in favor of Guy L. McClung against Marland Refining Company for personal injuries received by plaintiff on the 22nd day of April, 1922, caused by an employe of the defendant company driving a Ford car against a scaffold upon which plaintiff was working, throwing plaintiff off the scaffold and onto a cement walk. The case was tried to a jury and a verdict returned in the sum of $25,000. From said judgment the defendant has appealed. In this opinion, we will refer to McClung as plaintiff, and the company as defendant.

For reversal there are but three propositions presented; First, errors in admission and exclusion of evidence; second, refusing to give certain instructions, and third, excessive damages.

We will first consider the question of whether the court erred in permitting the introduction of certain evidence. The de-

fendant objected to a certain hypothetical question, for the reason the question assumed as a matter of fact that the plaintiff when falling from the scaffold struck his head upon the cement walk. The objection was overruled by the court and this is assigned as error. Mr. Cuddy, one of the witnesses, testified he saw plaintiff falling backwards, head first, and he fell upon the concrete walk. The plaintiff received a fractured skull. Whether plaintiff struck his head upon the cement floor or upon some other object, we think is immaterial. It is not contended in the brief, that the evidence discloses that his head struck against any other object. The hypothetical question called for an opinion as to the effect the injury would have upon a person receiving such an injury. If there was any error in permitting the question to be answered, and we think there was none, under the facts and circumstances it was harmless.

It is next contended the court erred in permitting Dr. Blesh to state his opinion, as to whether the injury would interfere with the plaintiff in following his occupation. As to whether a doctor may give opinion upon such a question, it may depend a great deal upon the kind and character of the injury sustained. The Supreme Court of Missouri in the case of Kirchof v. United Rys. Co. (Mo.) 135 S. W. 98, stated as follows:

"It was not error to permit a doctor who examined plaintiff in an action for personal injury, in which plaintiff suffered a fractured skull and other damages, to state that up to the time of trial plaintiff had been unable to do manual labor."

See, also, Holman v. Un. State Ry. Co. (Mich.) 72 N. W. 202. We think there was no error in the admission of this evidence.

It is next contended the court erred in giving instruction No. 3, and refusing to give instruction No. 5 requested by the defendant. These instructions dealt with the right of plaintiff to compensation under the Workmen's Compensation Act, and the necessity of making an election, as to the remedy he would pursue. No authorities are cited to support the contention of the defendant. We think the holding of this court in the case of Barton v. Okla., K. & M. Ry. Co., 96 Okla 119, 220 Pac. 929, supports the proposition that the filing of this suit was an election. The case of Lester v. Otis Elevator Co., 155 N. Y. Supp. 524, supports this contention.

It is next contended the court erred in refusing to give special instruction No. 9A. This requested instruction was to advise the jury, in substance, that an injury, not the natural consequences of the negligence complained of, and that would not have resulted from it but for the interposition of some new or independent cause that could not have been anticipated, is not actionable. The substance of the requested instruction was covered by instructions No. 12A, No. 13A and No. 14 given by the court. This court in a long line of decisions has held it is not error to refuse an instruction requested by the party, where the instructions given by the court fairly cover the proposition embodied in the requested instruction. Cardin v. Humble, 76 Okla. 165, 184 Pac. 104; Badger Oil Co. v. Clay, 83 Okla. 25, 200 Pac. 433.

It is contended that the verdict of the jury is excessive. The plaintiff was a young man 26 years of age at the time of the accident and employed by the Larrance Tank Corporation as its superintendent, earning $43.20 per week. He had been following his occupation of sheet metal worker for eight years, having served three years as an apprentice and having worked continuously at his trade, with the exception of about ten months' time when he was in the army. It is undisputed the plaintiff received a basal fracture, that is, a fracture of the skull beginning at the base of the skull to the rear and left extending to the top of the skull. There is evidence in the record that the injury is permanent, that defendant in error is practically incapacitated for work of any kind. There is evidence that the injury such as received by the defendant may result in death, or epilepsy or insanity. There is evidence that the plaintiff cannot look up without wanting to fall, or close his eyes without wanting to fall. There is evidence that plaintiff suffers pain from headache and dizziness and this continued every day up to the time of the trial. The injury occurred upon Thursday and the plaintiff was unconscious until Sunday. That he bled from his ears and his hearing was affected. As to whether the injury to his ears is permanent or not, there is evidence that his hearing and eyesight are both practically normal. There is evidence that he cannot read more than 30 minutes at a time without suffering pain. There is evidence that since the accident the plaintiff is apathetic and does not always recognize his friends, but appears sullen and unlike his former self.

The case was tried about ten months after the injury, and the plaintiff's condition was not improving, except as to his hearing, and regarding his eyes. The parties both cite numerous cases regarding the amount of the verdict. This court has discussed the ques-

tion of excessive verdicts in numerous cases, towit: Slick Oil Co. v. Coffey, 72 Oklahoma, 177 Pac. 915; City of Sapulpa v. Deason, 81 Okla. 51, 196 Pac. 544; C., R. I. & P. Ry. Co. v. Fontron Loan & Trust Co., 89 Okla. 87, 214 Pac. 172; Okla. Prod. & Ref. Corporation of America v. Freeman, 88 Okla. 166, 212 Pac. 742; Supulpa Electrical Int. Co. v. Broom, 93 Okla. 115, 219 Pac. 289.

The verdict in the instant case is very substantial. The defendant concedes that plaintiff has received a very severe injury to the extent of suggesting that the verdict should not exceed the sum of $15,000. The defendant concedes that plaintiff is no doubt disqualified from doing any scaffolding work and possibly cannot do any work that involves severe jarring or severe physical exertion. It is conceded that plaintiff had done nothing from the date of the accident to the time of the trial that required any physical exertion, but merely assisting around the house. It is conceded, and one of the doctors, at least, testified that the vertigo or dizziness is probably permanent. The defendant, however, suggests that there are avenues of work for which the plaintiff will not be disqualified. It is true that a person might receive many injuries that would disqualify him from doing one class of work, that would not disqualify him from doing another. Here we have a person who has received a fractured skull, and the brain is impaired and affected to some extent, and there is evidence that this injury is permanent. The plaintiff testifed when he lies down and gets up he is dizzy, and everything appears to be turning around, and when he reads 30 minutes his eyes hurt, and if he walks a little too far his head hurts. When these facts are considered, with the other facts heretofore stated, we think the permanency of the injury and the question whether there is any vocation in life that plaintiff may follow are proper questions for the jury. The evidence in the record will support a finding that plaintiff will be a constant sufferer the remaining days of his life, and the injury is such that he is and will be deprived of earning a livelihood, and the injury is of such a nature that he is liable to be afflicted with epilepsy or insanity. When these facts are considered in connection with the law as announced in the prior decisions of this court heretofore cited, we do not think it can be said that the verdict is so excessive as to justify this court in disturbing the same.

For the reasons stated, the judgment is affirmed.

JOHNSON, C. J., and HARRISON, BRANSON, NICHOLSON, and GORDON, JJ., concur.