## WALTER BYSCZYNSKI *v.* McCARTHY FREIGHT SYSTEM, INC., ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued March 6—decided May 22, 1942.

*Philip R. Shiff,* for the appellant (named defendant).

*Edward L. Reynolds,* with whom were *Marvin C. Gold* and, on the brief, *Annette Elaine Gold,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff, a passenger, was injured when the car in which he was riding collided with the rear of a truck operated by the named defendant, hereinafter referred to as the defendant, and had a verdict. The defendant appealed from the denial of its motion to set it aside, the only ground pursued being that it was excessive, and from the resulting judgment, alleging error in the charge.

The jury could reasonably have found the following facts: At the time of the injury, April 12, 1940, the plaintiff was twenty years old and had a life expectancy of 42.22 years. His average earnings were eighteen dollars a week. He was six feet tall, weighed two hundred pounds, was athletically inclined and was interested in social affairs. He was neat in appearance, companionable and agreeable. His injuries consisted of lacerations of the head which exposed the vault of the skull, a fracture of the jaw, contusions and lacerations of the brain and a post traumatic psychosis. He was confined to the hospital until May 28, 1940, was unconscious for the first five days, and did not fully regain consciousness for another five days. During his stay in the hospital he was irrational and unmanageable and at times had to be shackled or placed in a straight jacket. He suffered a great deal of pain. He incurred bills amounting to $843. Upon his discharge from the hospital he became sullen, uncooperative, untidy and quarrelsome. On April 24, 1941, he was committed to the Norwich State Hospital for the insane and will remain there for the rest of his life. This insanity was of the type called post traumatic psychosis and was caused by the accident. The amount of the verdict was $25,000.

The defendant claimed that the plaintiff was suffering from schizophrenia rather than from a post traumatic psychosis and produced evidence to that effect.

The importance of this distinction is that the former rarely if ever is caused by trauma while the latter, as the name implies, is the direct result of physical injury. A competent expert in mental diseases made the latter diagnosis, however, and both the hospital record and lay witnesses supported the claim of the plaintiff that his symptoms were immediately and continuously apparent after the injury although his commitment to Norwich did not ensue for about a year. The injury was as serious as any that could be imagined and was certainly worse than death. A perfect physical and mental specimen at the threshold of his life is condemned to continuous suffering until the pain is gradually obliterated by the loss of his mind. While the amount of the verdict, $25,000, is large for this jurisdiction, we cannot say that it is so excessive as to justify interference by this court. For similar verdicts in other jurisdictions see *Lanyon* v. *Lanquist & Illsley Co.*, 157 Ill. App. 316, 323; *Postal Telegraph Cable Co.* v. *Likes*, 124 Ill. App. 459, 471, affirmed, 225 Ill. 249, 80 N. E. 136; and *Marland Refining Co.* v. *McClung*, 102 Okla. 56, 226 Pac. 312. There was no error in the refusal of the court to set aside the verdict.

The plaintiff offered evidence to prove and claimed that he had proved the following facts: The night of the accident was dark, it was raining and the visibility was poor. The plaintiff was riding as a passenger in a Ford automobile operated by Francis E. Jones. The car was traveling north on Oakland Street in Manchester at about twenty-five miles per hour. As the Ford approached a driveway entering Oakland Street from the east, a large McCarthy trailer truck was backed out of it into Oakland Street without warning. The back of the truck was covered with a dark tarpaulin, the tailboard was down and the one rear light was out. Owing to the conditions stated, Jones did not

see the truck until he was five feet from it. He tried to turn left but the left rear of the truck collided with the right side of the Ford where the plaintiff was sitting and the two vehicles were wedged together. The left side of the Ford came in contact with the left side of a bus operated southerly on Oakland Street by the Connecticut Company, the other defendant.

The defendant offered evidence to prove and claimed to have proved the following facts: While it was raining, the visibility was good, the truck was equipped with four taillights which were lighted and two reflectors and the tailboard was up. The truck proceeded northerly on Oakland Street and, as it approached the driveway referred to, the driver turned on his directional lights indicating a right turn and put on his brakes. He turned his tractor into the driveway but, because of a tree on its north side, stopped. When he stopped the tractor was entirely in the driveway and the trailer parallel to and close to the east edge of Oakland Street. An electric street light on the east side of Oakland Street, just south of the driveway, was lighted, and the truck was visible for a distance of one hundred and fifty to two hundred feet. After the truck stopped, Jones approached from the south and the bus from the north. The headlights of both the Ford and the bus were lighted and there was nothing to prevent their drivers from seeing each other or the truck. Each could have stopped before the collision.

The defendant's principal claim of error in the charge is that the trial court failed to instruct the jury upon the issue of superseding cause. This is based upon its claim of proof that its truck did not move after it came to a stop in the driveway, that the drivers of the car in which the plaintiff was riding and the bus should, in the exercise of due care, have seen the stationary truck and avoided the accident, and that their

negligence in failing to do so superseded that of the defendant. The plaintiff's claims of proof at the trial as stated in the finding were entirely to the effect that the accident was due to the negligent backing of the truck into the car in which the plaintiff was riding. We must assume that the jury, in finding a verdict for the plaintiff, based it upon the negligence so claimed. To that basis of recovery, the defendant's claim of superseding negligence was inapplicable. We cannot find error in the failure of the trial court to instruct the jury as to it.

The defendant also assigns as error the failure of the trial court to charge as to the burden of proof on the question of damages. The usual charge that the plaintiff had the burden of proving all of the material allegations of the complaint was given and the general tenor of the charge was sufficient to apply this rule to the proof of damage.

The last assignment of error complains of the charge with reference to the statute, Cum. Sup. 1935, § 615c. This section provides in effect that when the construction of the vehicle is such that a hand signal to indicate an intention of stopping or turning would be ineffective the vehicle shall be equipped with a mechanical signaling device and that such device shall be used when making any stop or turn. The trial judge referred to this statute and included in his description of the mechanical signal a requirement that it should be used when "turning or backing." As indicated in the summary of the claims of proof, backing here would from the position of the truck necessarily include a turn, so the charge of the court, while inaccurate, could not have resulted in prejudice to the defendant.

The trial court made a sustained and emphatic effort to ascertain whether counsel for either side had any

objections to the charge during and after its delivery. Such efforts are often helpful both to the court and the litigants in clarifying the issues and preventing new trials, and the attorney should always cooperate both in the interest of his client and because he is an officer of the court sworn to assist in the administration of justice. This, however, exhausts the effect of such efforts and no statute or rule of court in this state requires that exception to the charge be taken at the time of its delivery.

There is no error.

In this opinion the other judges concurred.