GULF, C. & S. F. RY. CO. *et al.* v. STATE.

No. 996.   Opinion Filed July 12, 1910.

(110 Pac. 651.)

1. CORPORATION COMMISSION—Orders—Appeals—Parties—Carriers. Appeals from certain actions of the Corporation Commission authorized by section 20, art. 9, Const., may be taken, first, by any corporation whose rates, charges, or classification of traffic, schedule, facilities, conveniences, or services are affected; second, by any person deeming himself aggrieved by the action of the commission; third, by the state, if allowed by law.

2. SAME—Parties not Affected—Dismissal. Where a corporation or corporations appeal from a general order of the commission not directed against any specific company or companies by name, and it does not appear from the record that the rates, charges, or classification of traffic, schedule, facilities, conveniences, or services of such appellant corporation or corporations are affected by the order appealed from, the appeal will be dismissed.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

From an order of the Corporation Commission, the Gulf, Colorado & Santa Fe Railway Company and others appeal. Dismissed.

*Cottingham & Bledsoe,* for appellants.

*Charles West,* Atty. Gen., and *Geo. A. Henshaw,* Asst. Atty. Gen., for appellee.

HAYES, J. This is an appeal from an order of the Corporation Commission, number "Order 127," which was promulgated by the commission on December 2, 1908, and which reads as follows:

"The points at which railroads or railways cross each other at grade shall be considered a practicable and available route for figuring rates on the transportation of freight, regardless of whether there are physical connections at said points or not. Where one or more lines are connected by an industrial or switch track, whether owned jointly or separately by either or all of said roads, said industrial or switch track shall be considered as a physical connection and a route via such industrial or switch track shall be considered a practicable and available route."

By a provision of the order the same was to become effective on January 1, 1909. The third paragraph of section 18, art. 9 (Snyder's Const. p. 239), prescribes the procedure to be observed by the commission in fixing any rate, charge, or classification of traffic or in making any order, rule, or regulation in two different classes of cases. The first class of cases includes those cases in which the order, rule, regulation, or requirement is directed against any one or more companies by name. In this class of cases, before any order can be made by the commission, notice of the time and place when and where the contemplated action will be considered and disposed of must be given by the commission to the company or companies to be affected for at least 10 days. The second class of cases include those in which it is sought to make or prescribe any general order, rule, regulation, or requirement not directed against any specific company or companies by name. In this class of cases the contemplated order, rule, regulation, or requirement is required to be published in substance not less than once a week for four consecutive weeks in one or more newspapers of general circulation published in the county in which the capital of the state may be located, giving notice of the time and place when and where the commission will hear any objections which may be urged by any person interested against the proposed order. Section 20 of the same article gives the right of appeal from certain actions of the commission, and prescribes who may take such appeals. It provides that 'an appeal may be taken, first, by a corporation whose rates, charges, or classification of traffic, schedule, facilities, conveniences, or services are affected; second, by any person deeming himself aggrieved by the action of the commission; third,

by the state, if allowed by law.  The order here involved belongs to the first class of orders provided for by the third paragraph of section 18, *supra*.  It is not directed against any one or more rail-way companies by name.  It is a general order, and was made after publication of notice as required for the second class of orders provided for by said section.  The order applies to all railway companies operating in the state in whose lines exist the conditions specified in the order, to wit, those companies having a line of railway crossing another railway at grade or having a line of railway connected with another line of railway by industrial or switch track.  When either of said conditions exist in the line of any railway company of the state, then the route over such line of railway via such crossing or such physical connection by means of an industrial or switch track is made a practicable and available route as a basis for fixing the rate of freight charges.  A railway company in whose line or lines of railway the conditions provided for in said section do not exist is not affected by the order.  At a hearing on the proposed order several different railway companies appeared and opposed the issuance of the order, but this appeal is prosecuted only by two of said companies, to wit, the Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company.  No appeal is attempted to be prosecuted by the state nor by any person who deems himself aggrieved by the action of the commission, and the record fails to disclose that appellant companies' rates, charges, or classification of traffic, schedule, facilities, conveniences or services are affected by the order.  On the other hand, there is affirmative evidence in the record that one of the appellants will not be affected thereby.  It was wisely provided by section 20, *supra,* that only those corporations have the right of appeal from the general order of the commission whose interests are affected by the order appealed from.  To have permitted appeals by corporations not affected would have been to require this court to decide abstract hypothetical questions from which no affirmative relief would result.  No effort was made by either of appellants to show that their rates or charges would be reduced by the order, or that they

would otherwise be affected thereby. The objections made by them to the promulgation of the order is of a general and indefinite character, and the record fails to disclose facts showing them to be of that class of corporations that under section 20, *supra,* have the right of an appeal from the general order of the commission not directed against any one or more corporations by name, and the appeal is therefore dismissed.

All the Justices concur.