WHARTON *et al.* v. MILLER *et al.*

No. 4374.   Opinion Filed November 12, 1912.

(127 Pac. 1063.)

**RAILROADS—Corporation Commission—Orders—Right to Appeal—Interest.**   Where certain individuals seek to appeal from an order of the Corporation · Commission directed against a certain railway company commanding it to maintain a depot at a certain point or station, only such parties as are affected by, or interested in, the service, conveniences, or facilities at such point or station may prosecute an appeal therefrom.

   (a)   The fact that the construction and maintenance of the station at W. may have the consequential or incidental effect of building a town at that point and retarding the growth of adjacent towns at stations B. and M., and thereby causing the depreciation of property located in said towns, is not a sufficient legal reason for parties interested in property located in either B. or M. to complain at the parties residing at W. being afforded all reasonable facilities, conveniences, and service as patrons of such public service corporation at said station.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

The Corporation Commission having directed the Wichita Falls & Northwestern Railway Company to either build a station at Willow or move the depot from Moravia to Willow, on complaint of J. W. Miller and others, T. J. Wharton and others appeal.   Dismissed.

*A. R. Garrett,* for appellants.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for appellees.

WILLIAMS, J.   It is moved that this appeal be dismissed on the ground that the petition in error shows that the appellants have no such interest as will entitle them to have the order reviewed.   The order appealed from, which was made on the complaint of J. W. Miller and others, residing in the town of Willow, requires the Wichita Falls & Northwestern Railway Company to "either build a depot at Willow something of the size of that now located at Moravia or Brinkman, or shall move the depot from Moravia to Willow," and "construct some additional switch track and build stock pens and a cotton platform." · The railroad company has not appealed from this order.   After it was entered, however, the appellants, J. T. Wharton, I. R. Warren, Rounds & Porter Lumber Company, N. Massad, E. J. De Arman, O. R. Geter, S. J. Berry, William Sloan, A. F. Redburn and W. P. Lampert, of Brinkman, Okla., and Williams & Miller Gin Company and T. S. De Arman, of Moravia, Okla., filed a petition asking to be made parties and that a rehearing thereon be granted, which was overruled by said commission.

It is settled that a party must be affected by the order or interested therein in order to appeal therefrom.   *Gulf, C. & S. F. Ry. Co. et al. v. State,* 26 Okla. 761, 110 Pac. 651; *State ex rel. North Carolina Corporation Commission et al. v. Southern Railway Co.,* 147 N. C. 483, 61 S. E. 271; section 238, Williams' Ann. Const. Okla., and authorities cited under footnote "a."   Parties residing in the town of Brinkman are not interested in the facilities, conveniences, or public service afforded at Willow or at Moravia, nor are parties residing at Moravia interested in such service, conveniences, or facilities at Willow in such a way as to complain at such service, conveniences, or facilities being afforded at such place on the ground that it would be detrimental to the property interests at Brinkman and Moravia (*St. Louis, I. M. & S. Ry. Co. v. State,* 31 Okla. 509, 122 Pac. 217), but persons residing at Moravia and using that shipping station as pat-

rons of the road at that point are interested in the service, conveniences, or facilities afforded at such station, and would be entitled to complain of that conditional portion of the order requiring the station to be moved from Moravia to Willow.

We gather from the assignments of error and the motion for a supersedeas made in this court that in this appeal complaint is made only on the ground that the railway company under this order, in constructing a depot at Willow, would occasion a depreciation of property interests at adjoining stations. Further, the transcript in this proceeding was filed on September 18, 1912. Neither has any response been made to the motion to dismiss this appeal, nor any brief filed by appellants.

It follows that the appeal will be dismissed.

TURNER, C. J., and HAYES and KANE, JJ., concur; DUNN, J., absent, and not participating.