### Ex parte SALES.

No. 15509—Opinion Filed Sept. 9, 1924.

Rehearing Denied Feb. 3, 1925.

(Syllabus.)

**Case Followed.**

For syllabus in this case, reference is made to the syllabus. Ex parte Tindall, 102 Okla. 192, 229 Pac. 125, this day decided, and the syllabus in that case is made the syllabus in this.

Original action in the Supreme Court of Oklahoma. Application by Ray Sales for writ of habeas corpus. Writ denied.

Pardue & Davis and John B. Ogden, for plaintiff.

HARRISON, J. This case is here upon the petition of Ray Sales for writ of habeas corpus to test the validity of chapter 113, Sess. Laws 1923, page 188.

The facts herein are identical with those in cause No. 14674, In re Application of Tindall for writ of habeas corpus, this day decided, 102 Okla. 192, 229 Pac. 125.

In this case as in the Tindall Case, supra, the petitioner makes no denial of having violated the statutes, and like Tindall, has not sought to avail himself of the privileges granted by the statute, but has assumed to conduct a business in open defiance of the statute. Each has assailed the validity of the statute upon the same grounds, except that petitioner herein contends, in addition to the grounds alleged by Tindall, that the statute is invalid because violative of section 1 and section 34, art. 9, section 33 and section 57, art. 5, section 33, art. 2 and section 7, art. 18, of the Constitution of Oklahoma.

As to the contention that the act is violative of section 1, art. 9 of the Constitution, we see no reasonable grounds, in fact, no grounds for such contention. Section 1 simply defines the terms "corporation," "company," "charter," and "license," as they are used in said article 9. There is nothing in the act in question that violates any of the definitions contained in said section 1, and the same may be said as to its violation of the definitions contained in section 34 of said article.

Said section 34 contains the following language:

"The term 'public service corporation' shall include all transportation and transmission companies, all gas, electric light, heat and power companies, and all persons authorized to exercise the right of eminent domain, or to use or occupy any right of way, street, alley, or public highway, whether along, over, or under the same, in a manner not permitted to the general public, the term 'person,' as used in this article, shall include individuals, partnerships and corporations, in the singular as well as plural number. * * *"

Hence it must be seen, as discussed in the Tindall Case, supra, that the nature and character of petitioner's business, and the nature and character of the business sought to be regulated by the act in question, come

clearly within the specific definitions above. It is a 'transportation business" for **hire** and **profit** over the "public highways," and is therefore a "public service enterprise," within the foregoing definition.

The contention that the act violates section 33, art. 5, which provides that "all bills for raising revenue shall originate in the House of Represeratives, * * *" cannot be sustained. The act in question is not one for the purpose of raising revenue. It is one for the purpose of regulating a growing effort, on the part of certain enterprises, to appropriate the public highways to their own free use as a "transportation roadbed" for hire and profit, to the inconvenience and detriment of the public. It is true that the act provides for a tax in the nature of a license fee to be paid by operators. of such transportation lines, but such fee or tax, if it may be so called, is merely incidental to the attainment of the real purpose of the act, and it is not a revenue law, whose principal object is the raising of revenue, and is therefore not violative of said section 33. See Anderson v. Ritterbush, 22 Okla. 761, 98 Pac. 1002.

The contention regarding section 57, art. 5, which pertains to the requirement of the title to an act, is discussed and determined in the Tindall Case, supra.

The contention is that the act is violative of section 33, art. 2. Section 33 art. 2, of the Constitution provides in full, to wit:

Sec. 33. "The enumeration in this Constitution of certain rights shall not be construed to deny, impair, or disparage others retained by the people."

There is nothing in the act in question which tends to deny, impair, or disparage any right retained under the Constitution by the people. The term "people," as used above, means the "public," and one of the rights thus specifically and securely reserved to the public is its right to regulate "public service corporations." The act in question seeks to do no more than to exercise this right.

The next contention is that the act is violative of section 7, art. 18, of the Constitution. Section 7, art. 18, is as follows:

Sec. 7. "No grant, extension, or renewal of any franchise or other use of the streets, alleys, or other public grounds or ways of any municipality, shall divest the state, or any of its subordinate subdivisions, of their control and regulation of such use and enjoyment. Nor shall the power to regulate the charges for public services be surrendered; and no exclusive franchise shall ever be granted."

The act in question does not in any provision purport to divest the state of its right to control and regulate any public grant or franchise, nor does it purport to surrender the power to regulate charges for public service. The state is here seeking to exercise the very right which the foregoing section provides shall not be surrendered.

The remaining grounds of contention herein are fully discussed and determined in the Tindall Case, supra. The facts in the two cases being identical, and the same questions of law being involved in both cases, the decision in this case must follow the opinion in the Tindall Case.

The writ is denied.

JOHNSON, C. J., and BRANSON, WARREN, and GORDON, JJ., concur. NICHOLSON, J., dissents.