Application of CENTRAL OKLAHOMA MILK PRODUCERS ASSOCIATION, a Corporation, for Authority to Operate Class "B" Freight, Interstate and Intrastate, Private Contract Motor Carrier Service.

No. 37502.

Supreme Court of Oklahoma.

June 11, 1957.

M. W. Cooper, Montford Johnson, Oklahoma City, for plaintiff in error.

Stuart H. Russell, and Albert D. Lynn, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is a proceeding in the nature of an appeal from an order of the Corporation Commission dismissing, on motion of applicant, an application for a permit authorizing the operation of a Class "B" motor carrier. The applicant was Central Oklahoma Milk Producers Association and the protestant was Oklahoma Milk Haulers Association who perfected this appeal. The parties will be referred to as applicant and protestant as they appeared before the Commission.

In harmony with the provisions of 47 O.S.1951 § 167, the applicant, on October 10, 1955, filed with the Commission an application for a permit for a Class "B" motor carrier service. After proper notice a hearing was had on October 17, 1955, at which time protestant appeared and orally objected to the issuance of said permit. A full and complete hearing was had including the presentation of testimony pro and con. The applicant was a milk producer's or dairymen's co-operative association. The protestant was an association of independent milk haulers for hire who had theretofore hauled to market all milk produced in the affected area. The referee, holding the hearing, duly filed his report wherein it is shown that, on the first day of the hearing, the applicant moved that its application be dismissed "for the reason that the Commission did not have jurisdiction over a co-operative operating solely for its own members." The referee recommended that the application be dismissed for the reason stated in the oral motion. To the report and recommendation of the referee, the protestant filed written exceptions. Thereupon, the Commission duly made and entered the following order from which this appeal has been perfected, to wit:

"Now, on this 27 day of March, 1956, this matter comes on for consideration, the undersigned Members being present and participating.

"Upon consideration of all things and matters herein involved.

"It is ordered that this Cause, be, and the same is hereby, dismissed."

Evaluating the situation here presented, the only conclusion that can be reached is that this proceeding is for the sole purpose of securing from this court, an advisory or declaratory opinion upon a moot question of law. At the time of the order appealed from, applicant had moved for a dismissal of the application and protestant was objecting to the issuance of a permit to applicant. The order granted to both parties the relief sought and neither was, thereby, prejudiced. The statute dealing with the issuance of permits for class "A" carriers (47 O.S.1951 § 166) provides for appeals to this court. The following section (167) dealing with permits for class "B" permits (the one here involved) contains no such provision. And, although these provisions

create a situation materially different from that created by the earlier act which was before us in the cases of Ex parte Sales, 108 Okl. 29, 233 P. 186, and Ex parte Tindall, 102 Okl. 192, 229 P. 125, we need not consider whether or not, in various situations, an appeal would lie to this court without provision therefor in the statute. In any event, the supreme law with reference thereto is found in the Constitution, art. IX sec. 20. The parties, therein permitted to appeal from a judgment of the Commission, consist of "any party affected or * * * any person deeming himself aggrieved by any such action, or * * * the State."

In the case of Wharton v. Miller, 33 Okl. 771, 127 P. 1063, this court construed the above constitutional provision to authorize an appeal by only those parties who are interested in, or affected by, the subject of the Commissioner's order. Herein, the subject of the order was the dismissal of the application. The appellant, having obtained the result sought (the non-issuance of a permit) was not so affected that it could appeal therefrom.

Also, there is considerable doubt that the order here involved was of such nature that an appeal lay therefrom but, due to our conclusion hereinabove stated, it is unnecessary to discuss this latter phase of the case.

Although the protestant had no authority to invoke the jurisdiction of this court to review the order of the Commission, neither party has raised the jurisdictional question. However, "That it is the duty of this court to inquire into its own jurisdiction, as well as the jurisdiction of the court from which the appeal is taken, * * * is too thoroughly settled to require any extensive discussion or citation of authorities." Harber v. McKeown, 195 Okl. 290, 157 P.2d 753, 754.

The appeal is dismissed.