## COLLINS-DIETZ-MORRIS CO. v. WRIGHT.

No. 22705. Opinion Filed Feb. 21, 1933.

Rehearing Denied April 4, 1933.

O. W. Patchell, for plaintiff in error.

Blanton, Osborn & Curtis, for defendant in error.

PER CURIAM. This is an appeal from an order entered February 27, 1931, setting aside an execution and ordering the satisfaction of a judgment obtained by the plaintiff in error, Collins-Dietz-Morris Company, in a justice of peace court of Garvin county, Okla., which judgment had been filed for record in the office of the district court clerk of Garvin county on December 26, 1925, and execution thereon subsequently issued.

After the entry of the order of February 27, 1931, and on July 17, 1931, the court entered an order sustaining the motion of the defendant filed on June 1, 1931, and struck from the files a motion for new trial.

A motion was then filed by the plaintiff in error, plaintiff below, for new trial upon the grounds of inability to make and serve a case-made, and that motion was on July 17, 1931, overruled by the court.

Plaintiff in error appears here and urges that the court erred in entering the original order of February 27, 1931, and cites numerous authorities and makes the assignment that the district court erred in sustaining defendant's motion to strike plaintiff's motion for new trial; that the district court erred in overruling and denying plaintiff's second motion for new trial, and said judgment and orders of the district court are contrary to law. These assignments are all argued together and go back to the errors of the court in satisfying the original judgment, said order being entered February 27, 1931.

Movant urges that since no notice of appeal was given in open court February 27, 1931, and no written notice of appeal filed within 10 days thereafter, that order became final and cannot be otherwise appealed from, and such seems to be the law of our state.

Our court has repeatedly held that notice of appeal must be given at the time of the trial or within 10 days thereafter to bring the appeal to this court; and it is further held that a case-made not served within 15 days after the entry of an order, or some legal extension thereof, is a nullity and brings nothing to this court for review. No time was taken for making and serving case-made after order of February 27, 1931,

and 15 days thereafter the time in which the same could be made expired, and no order having been entered, the appeal is a nullity.

The respondent urges that the appeal is from an order overruling the motion for new trial entered on July 17th.

There is no doubt that respondent had a right to appeal from that order, but the presentation of the assignments of error and the argument of the brief show that the complaint is upon the entry of the original order satisying the judgment, and since the only question before this court is the error arising upon the satisfaction of that judgment and that judgment had become final, the appeal from the other orders would present moot questions and would determine nothing if decided by this court. This court has repeatedly held that where abstract questions of law are presented and no material determination for the benefit of the parties can be had, this court will not determine the question.

Since the order attempted to be appealed from of February 27, 1931, had become final without waiving the process for appeal therefrom, the case should be dismissed, and it is so ordered.

OSBORN, J., disqualified and not participating.

Note.—See under (2) R. C. L. 158, 159.