## TACKETT v. TACKETT, Gd'n.

No. 25036.   Oct. 1, 1935.

D. E. Johnson, for plaintiff in error.

Hackney & Christey and W. H. C. Taylor, for defendant in error.

PER CURIAM. On the 7th day of December, 1923, J. H. Tackett married Elizabeth Lucas, and the defendant in error, Rosalie Tackett, was on the 11th day of September, 1924, born as the issue of that marriage. On October 17, 1924, J. H. Tackett sued his then wife for divorce, and while there seems to be some question about the matter of valid decree, it will be assumed for the purpose of this opinion that a valid default decree was granted shortly thereafter. Only a bare skeleton of the facts have been brought to this court on appeal, but from such record as we have before us, we can glean that J. H. Tackett married plaintiff in error a short time after the divorce, and that several years after that time his former wife also remarried. It appears that J. H. Tackett never contributed anything to the support of his infant child from her birth until his death. On the 2nd day of May, 1932, J. H. Tackett was killed in an automobile collision, and action in damages against the driver of the car which caused his death was filed in the district court of Osage county by his widow (the plaintiff in error, Mattie Tackett, who was the second wife), as administratrix of his estate. The case was not tried before a jury on its merits, but the judgment seems in its essential characteristics to have been in the nature of a settlement. However, the journal entry of judgment sets out the formal recitals of introduction of evidence, and further shows:

"That Mattie Tackett brings this suit on behalf of herself as widow of J. H. Tackett and on behalf of the next of kin of the said J. H. Tackett, deceased, who may be entitled to participate in the distribution of the judgment rendered herein; and that the plaintiff is entitled to have and recover of and from the defendants, judgment in the sum of $12,500 and costs of this action."

This money was paid into the hands of the court clerk of Osage county for distribution to the proper parties under order of court. An attorney's fee of $2,500 was allowed and paid out to Johnson & Stith for their services in connection with the original damage action, and no complaint is made in this action as to the payment of this attorney's fee. While the action for the death of J. H. Tackett was brought by Mattie Tackett, as administratrix, the minor daughter, Rosalie Tackett, intervened by her guardian and attorneys, and these attorneys took part in the active handling of the case and participated in the conferences which led up to the settlement and judgment.

After the payment of this money into

court, Rosalie Tackett brought this action by her guardian against Mattie Tackett, asking that she be adjudged entitled to a one-half interest in the remaining $10,000, and that the court clerk be ordered to pay same over to her guardian for her use and benefit. The defendant, Mattie Tackett, affirmatively alleged, among other things, that the plaintiff sustained no pecuniary loss on account of the death of J. H. Tackett by reason of the fact that he had never contributed anything to her support; "and that he would have so continued to refuse and neglect to support her at all times had he lived his expectancy."

Defendant further pleaded alternatively that if it should be adjudged that plaintiff had any interest in the recovery herein, it could not be any greater than the legal right of support for the term of her minority, and that by applying that period of time to his life expectancy of 20 years and apportioning the recovery on that basis, she would not be entitled in any event to any sum greater than $2,500.

Upon hearing, the trial court adjudged that the minor plaintiff was entitled to one-half of the sum of $10,000 remaining in the hands of the court clerk after paying attorney's fee as aforesaid, and the widow has appealed to this court.

This action involves the construction of section 570, 1931 Okla. Stat., the material part of which, as applied to this action is as follows:

"The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

This statute has not been construed by this court in any case on all fours with the case at bar, but various angles of the instant question have been suggested from time to time.

It has been held (and seems to be the rule in all of the states) that the proceeds of a judgment in a case of wrongful death like the one at bar does not pass to the jurisdiction of the county court like other assets of the deceased, but that the district court should make the distribution. Aetna Casualty & Surety Co. v. Young, 107 Okla. 151, 231 P. 261.

A very similar question to the one here is submitted on the right of distribution of a judgment for wrongful death under the Federal Employer's Liability Act. In the case of Gulf, Colorado & Santa Fe Ry. Co. v. McGinnis, 228 U. S. 173, 57 L. Ed. 785, the Supreme Court of the United States said:

"Though the judgment may be for a gross amount, the interest of each beneficiary must be measured by his or her individual pecuniary loss. That apportionment is for the jury to return. This will, of course, exclude any recovery in behalf of such as show no pecuniary loss."

In the case of M., K. & T. Ry. Co. v. Canada, 130 Okla. 171, 265 P. 1045, this court quoted with approval the following language from Western Union Telegraph Co. v. McGill, 57 Fed. 699:

"In order to maintain the action, the existence of the beneficiaries named in the statute and the pecuniary loss to them must be alleged and proved."

In the case of Okmulgee Gas Co. v. Kelly, 105 Okla. 189, 232 P. 428, this court held in the fourth syllabus paragraph as follows:

"In an action by the next of kin for wrongful death, if the petition fails to show a pecuniary loss suffered by any one of the plaintiffs the court should sustain a motion by the defendant to dismiss the particular plaintiff from the action, or if the evidence fails to show that any plaintiff has suffered a legal loss, the court should sustain a motion for an instructed verdict against the particular plaintiff."

In the case of M., K. & T. Ry. Co. v. Canada, supra, this court said:

"There was no legal obligation on the part of the deceased to support her 'adult children.' There was no voluntary contribution—there was no pecuniary loss to them. Considering that they had a right of action by statute, they had no right to a recovery, for it affirmatively appears that they sustained no pecuniary loss. They, the adult children, did not exist then in a legal sense."

The converse of the rule above quoted (that is, the rights of minor children) was further set out in contradistinction to the rights of adult children in the third syllabus of that same opinion as follows:

"While the law implies damages of a substantial character to minor children, adult children must prove their pecuniary loss."

In 17 Corpus Juris, p. 1208, this same rule as to minor children is stated as follows:

"But the law will imply substantial loss to the widow and minor children, and since it is the legal duty of a father to support his minor child, the right to recover damages accruing to the child through the killing of the father does not depend on whether the father had supported or intended to support the child."

A question much similar to the one at

bar was raised (it being raised against the widow) in the case of Aetna Casualty & Surety Co. v. Young, supra. The court stated the question thus:

"The point is urged by the surety company that Florence Young for years had lived separate and apart from her husband and had received no support from him and that she was therefore entitled to less than one-third of this fund, if any."

The court failed to decide the question of reduction of amount of interest in the recovery as suggested, but made this observation in that connection:

"Although Florence Young had for a long time received no support from the deceased, she was entitled to same as a matter of law, and this right she could have enforced by law."

In that case this court recognized the right of apportionment of damages by the jury as set out by the Supreme Court of the United States in the McGinnis Case, supra, and quoted in the beginning of this opinion. This court further said:

"If in the original suit she had named the widow and children and had there sought and recovered a several judgment in specific amounts for each of them separately, we would have a much different case from the one at bar."

There having been no apportionment of damages by the jury in that case (the Young Case), the trial court awarded the widow the same amount that she would have received under the statute of descent and distribution, and the judgment was affirmed by this court.

The right of the jury to apportion separate amounts to the widow and minor children in an action for wrongful death was further recognized by this court in the case of C., R. I. & P. Ry. Co. v. Fontron L. & T. Co., 89 Okla. 87, 214 P. 172, where the jury apportioned two-thirds of the judgment to the minor child and one-third to the widow. (The statute of descent and distribution would have given one-half to each.) After ordering remittitur in that case, this court further apportioned the balance of the judgment in the same proportions as fixed by the jury.

The showing in this case as to the marital controversies of the deceased with his first wife is so very scant that we can form but little opinion with respect thereto. The testimony is not brought up in the case-made, but only a narrative form of the substance of the evidence. However, it appears that J. H. Tackett may have deserted the defendant in error even as his unborn child, and

had not contributed anything to her support until the time of his death (she being less than eight years old at that time). It is sufficient to say that J. H. Tackett is dead; that he left a widow and minor child; that the law implies substantial damages to the minor child by reason of the death of her father; that she had a legal right to recovery for his wrongful death; that no apportionment was made in the judgment of the several damages, but that same were awarded in a lump amount for the use and benefit of those entitled as matter of law to share therein; that the plaintiff in error, Mattie Tackett, seeks to do in this action (that is, apportion damages) what she had a right but failed to have done in the first action. If the issue of apportionment had been raised in the first action and a jury had been called, and with the proof as shown by this record, the jury might have awarded to the child more damages than to the widow.

The rule is so well settled in this state that it needs no citation of authority to maintain that a judgment will adjudicate all matters with respect to which evidence must be offered to sustain the cause of action and with respect to which the jury have the right to return a verdict under the issues and the evidence. (See Prince v. Gosnell, 47 Okla. 570, 149 P. 1162; Earl v. Earl, 48 Okla. 442, 149 P. 1179, and the long line of cases from this court following these two opinions.) Here the formal making of proof in the original damage action, and in order to establish right of recovery at all, required that the widow and child make proof of their several damages; and, if the case had been tried before a jury, they (the jury) would have had the right under the issues made and this evidence to render judgment as to how much damage the widow and child separately suffered. As a matter of fact, the jury could not return a verdict at all without such consideration and without such conclusion, and it inheres in the judgment that the several damages of the widow and minor child were proven, found and adjudged in the verdict, regardless of whether they were separately returned or were added together and returned in a lump sum.

If the plaintiff in error had desired to spread her hand against the defendant in error as to the amount of the damages to be apportioned to each of them by the court in assessing damages, she should have done so before the rendition of the judgment for the wrongful death. Any other rule would mean that a jury in the first action might award damages on account of the detriment

they found that one party had suffered, and that finding or opinion might swell the verdict in a large amount. In a second action to apportion, another party to whose detriment the jury gave but scant consideration in estimating the damages might be awarded nearly all of the recovery. Such a rule would mean that the court in the second action might have to call the members of the first jury before it as witnesses to inquire.into their opinions and conclusions in making up the first award. This would lead to ends both unconscionable and absurd. (In this connection, we wish to refer to 14 A. L. R., beginning at page 516, where the varying and conflicting rules on this question in the different states have been collected in a lengthy and most interesting note.)

The plaintiff in error having failed to submit the matter of apportionment of damages until after judgment in a lump sum and without apportionment in the first action, the doctrine of res adjudicata must be applied, and she will now be estopped by judgment to say that their respective detriment was otherwise than as fixed in the statute of descent and distribution as applied to personal property of the deceased.

The judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of District Judge E. A. Summers, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.