WILSON, Adm'x, v. HEFNER et al.

No. 29720.  June 25, 1940.

Rehearing Denied Dec. 24, 1940.

*108 P. 2d 108.*

Robert E. Owens, of Duncan, for plaintiff in error.

Robert A. Hefner, Jr., and Robert A. Hefner, Sr., both of Oklahoma City, for defendants in error.

PER CURIAM. R. A. Hefner obtained a judgment quieting title to certain real estate. On the 17th day of September, 1938, plaintiff filed a petition to vacate this judgment. The court rendered judgment on the pleadings and the agreed statement of facts on the 30th day of June, 1939. The appeal is not prosecuted from said judgment, but from a purported order overruling a motion for new trial entered thereafter on August 25, 1939. The proceeding was not filed in this court until February 23, 1940. A motion to dismiss has been filed for the reason that this court is without jurisdiction to consider said appeal. The motion to dismiss must be sustained. This court has many times held that where a judgment is entered upon the pleadings and an agreed statement of facts, it is necessary to appeal from the order and judgment entered within six months from the date of said judgment. It is also necessary to give the notice of intention to appeal provided by section 531, O. S. 1931, 12 Okla. St. Ann. § 954, within 10 days from said judgment. The filing and determination of a motion for new trial serves no purpose to extend the time to perform either of these jurisdictional requirements. Board of County Com'rs, Garfield County, v. Porter, 19 Okla. 173, 92 P. 152; School Dist. No. 38 v. Mackey, 44 Okla. 408, 144 P. 1032; City of Ada v. Carter, 162 Okla. 23, 18 P. 2d 1051; Cannon v. Cannon, 170 Okla. 366, 40 P. 2d 649.

Plaintiff also urges error of the trial court in sustaining an objection to the introduction of evidence. In Minnetonka Oil Co. v. Cleveland Vitrified Brick Co., 48 Okla. 156, 149 P. 1136, this court quoted with approval from the Kansas case, Wagner v. Atchison, T. & S. F. R. Co., 73 Kan. 283, 85 P. 299, wherein it is stated:

"Where an objection to the introduction of evidence under the pleadings is sustained, there can be no investigation much less determination of the issues of fact and a motion for new trial is not necessary."

The appeal is dismissed.

BAYLESS, C. J., and RILEY, OSBORN, HURST, and DANNER, JJ., concur.