Luella Sue WILLIS and George W. Wulff, Administrator of the Estate of Bernie H. Willis, deceased, Petitioners,

v.

CAPITOL WELL SERVICING COMPANY, State Insurance Fund, Janice B. Willis, a minor, and her legally appointed guardian, and State Industrial Commission, Respondents.

No. 36233.

Supreme Court of Oklahoma.

May 17, 1955.

Rehearing Denied July 5, 1955.

Thad L. Klutts, Valdhe F. Pitman, Dave Tant, Oklahoma City, for petitioners.

Everett E. Cotter, Johnson, Gordon, Cook & Cotter, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding in this court to review an award of death benefits under the provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., for the death of Bernie H. Willis, made by the State Industrial Commission to the claimant, George W. Wulff, administrator of decedent's estate, for the use and benefit of the claimant, Luella Sue Willis, his widow, and to the claimant, Janice B. Willis, minor child of deceased (to be paid to her guardian), against his employer, Capitol Well Servicing Company, and its insurance carrier, State Insurance Fund, the respondents. The parties will be referred to as they appeared before the Commission.

The situation in the case now before us is quite novel. Arising out of his employment by the respondent, Bernie H. Willis was killed on July 22, 1953. His widow, above named filed claim before the Commission on July 23, 1953, alleging that she was the sole heir and dependent and entitled to the death benefits provided for by the Workmen's Compensation Law. On August 3, 1953, an amended claim was filed on behalf of two of the three children of the deceased by a former marriage. One of these was a married self-supporting son, 21 years old, with a family. The other was a 16 year old single daughter. No mention was made, in either claim, of the appointment of an administrator. At the trial, however, George W. Wulff, the administrator of the estate of the decedent, appeared and testified.

The award was made by the Trial Commissioner and affirmed by the Commission en banc. It provided for the payment, to the administrator of the sum of $3000.00 for the use and benefit of the claimant widow, and for the payment, to the guardian of the minor daughter, for her use and benefit, of the sum of $9,500.00, and for the payment of $1000.00 attorneys fees, payable one-half to the attorneys for the widow and one-half to the attorneys for the minor child. This proceeding to review that award was filed by the widow and administrator and presents three specifications of alleged error, namely: error in the manner of distribution of the award; error in the fixing of attorneys fees; and error in permitting the minor child to be a party claimant. They will be discussed in inverse order.

In the first two cases before this court involving the death benefit provisions of the Workmen's Compensation Law, Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, and Mid-Continent Petroleum Corp. v. Mullen, 206 Okl. 636, 245 P.2d 1142, it was held that the wrongful death statutes, 12 O.S.1951 §§ 1053 and 1054, remained in force and were controlling in accidental injury cases resulting in death except insofar as they were modified by the Death Benefit Act, S.L.1951, pp. 267 to 270 inc., 85 O.S.1951 §§ 3.1, 11, 12, 22, 24, 43, 44, 48, 84, 109, 122. Subsequently, in the case of E. G. Nicholas Const. Co. v. State Industrial Comm., 207 Okl. 428, 250 P.2d 221, earlier wrongful death cases were followed in pointing out that, under the Death Benefit Act, supra, the proper party claimant is the administrator. If none has been appointed, then the proper party to maintain the claim is the widow. Either of these parties, brings the proceeding in a purely representative capacity for the use and benefit of persons who have suffered a pecuniary loss. No award in such cases is made directly to the beneficial parties, but it is made to the party claimant for the use and benefit of the dependents.

In the case at bar, under the liberal pleading rule in such proceedings, and amendment of pleadings to conform to proof, the parties claimant were the administrator, the widow, and the children. That constituted a misjoinder of parties. But, the error was committed against the respondent and, unless that party objected to it in proper manner and within due time, the same was waived. Phillips v. Mitchell, 68 Okl. 128, 172 P. 85. See also, Stanley v. Sweet, 202 Okl. 448, 214 P.2d 906, 910. In the latter case, it was also pointed out that:

"* * * the recovery will necessarily conclude both parties plaintiff, and effectively bar any other or further recovery against the defendant for the damage caused * * *."

The objection now, to misjoinder of parties claimant, comes too late, regardless of the right of the petitioner here to object. It is an odd situation that, if the petitioner's argument were sustained as against the minor child, the same argument also bars the petitioner as a proper party. The administrator was the only proper party claimant. But, as pointed out, any error therein has been waived.

It is further contended by petitioner here that the Commission had no authority to fix attorneys' fees, in view of the provisions of 5 O.S.1951 § 7, as amended by the Laws of 1953, particularly where the administrator had never employed the attorney. The record does not disclose that the administrator appeared by an attorney. However, as above explained, the claimant widow and the claimant child occupy the position as proper parties claimant because of the waiver of any irregularity. Being such, the Commission had the exclusive jurisdiction under the provisions of 85 O.S.1951 § 30. In the case of Conrad v. State Industrial Comm., 181 Okl. 324, 73 P.2d 858, 860, this court held that the last cited statute superseded any provisions in Title 5 of the statutes as to attorneys' fees generally and that:

"* * * 'Claims for legal services rendered the Industrial Commission in behalf of claimants shall be determined by the commission and paid in the manner fixed by the commission, and such claims cannot be enforced in the courts of this state by independent actions in the trial courts. * * *'"

following the earlier case of Corbin v. Wilkinson, 175 Okl. 247, 52 P.2d 45. In the quoted case it was held that the Commission did not have jurisdiction to determine the matter in the absence of the attorney and without notice to him. That situation is not in the case at bar. The only question here raised is the authority of the Commission to fix the attorneys' fees. Our decision in the Conrad and Corbin cases, supra, are determinative of that point.

The other proposition presented is the alleged error of the Commission in its order of distribution of the proceeds of the award. Quoted from are the cases of Capitol Steel & Iron Co. v. Fuller and Mid-Continent Petroleum Corp. v. Mullen, supra, wherein, in each case, the facts were such that the widow was entitled to the entire proceeds of the award. Quoted also is the holding of the Texas Court to the effect that the statutes of descent and distribution are determinative of the mode of distribution.

The argument misconstrues the opinions in the Fuller and Mullen cases. In the Fuller case [206 Okl. 638, 245 P.2d 1140], the earlier case of Tackett v. Tackett, 174 Okl. 51, 50 P.2d 293, was quoted from and the rule held to be applicable to cases under the Death Benefit Act. That rule is as follows:

"'In a wrongful death action by an administrator for the use and benefit of the several persons for whose benefit the action survives, the interest of each beneficiary in the recovery must be measured by his or her individual pecuniary loss and the jury may make apportionment accordingly in their verdict. If the jury fail so to do, then distribution made to those entitled thereto as provided by the general statute of descent and distribu-

tion in the same manner as personal property of the deceased is approved.'"

Founded upon that proven rule of law, we pointed out in the Fuller case that, in cases of accidental death of employees covered by the Workmen's Compensation Law, the recovery was fixed at $13,500.00, but that 12 O.S.1951 §§ 1053 and 1054, were also applicable in that said recovery "must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin." The beneficial interest of each, therein, is measured by the pecuniary loss each sustains as a result of the death. In determining those various amounts, the Commission occupies the same position that a jury occupies in a wrongful death action in the courts. The duties imposed by that position are pointed out in the case of Hurley v. Hurley, 191 Okl. 194, 127 P.2d 147, 150, as follows:

"* * * those who have suffered no detriment are entitled to no compensation. Where several next of kin establish that they have sustained pecuniary loss, the jury, in determining the amount necessary to compensate all, and thus compute the amount of their verdict against the defendant liable therefor, must necessarily consider and determine what loss has been shown to have been suffered by each of the next of kin. Thus the jury is able to and should on request apportion the amount of the verdict among the next of kin who have suffered pecuniary loss. * * *"

Thus, under the death benefit provisions of the Workmen's Compensation Law, the State Industrial Commission must apportion the proceeds of an award for death to the persons beneficially entitled thereto, and, in discharging that burden, the Commission is not required to follow the statutes of descent and distribution, but "must necessarily consider and determine what loss has been shown to have been suffered by each." Hurley v. Hurley, supra. There is nothing in the record, in the case at bar, indicative of any

abuse of discretion by the Commission in the apportionment of the award.

The award is sustained.

WILLIAMS, V. C. J., and WELCH, CORN, ARNOLD, and JACKSON, JJ., concur.

HALLEY and BLACKBIRD, JJ., dissent.